Lady EDWARDS, Appellant,

v.

CITY OF TOMBALL, Appellee.

No. 14–10–00284–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 3, 2011.

Rehearing Overruled July 28, 2011.

Alex Arthur Castetter, David P. Kallus, The Woodlands, for appellant.

Katherine Compton, Dallas, Ramon G. Viada III, Spring, for appellee.

Panel consists of Justices ANDERSON, FROST, and BROWN.

## MAJORITY OPINION

JOHN S. ANDERSON, Justice.

Appellant, Lady Edwards, filed this interlocutory appeal from the trial court's granting of the Second Plea to the Jurisdiction filed by appellee, the City of Tomball ("Tomball"). Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In Chapter 707 of the Texas Transportation Code, the Texas Legislature authorized municipalities to impose civil fines on owners of vehicles that have been photographed driving through a red light at designated intersections. *See* Tex. Transp. Code Ann. § 707.001 *et seq.* (West Supp. 2009). Pursuant to that statutory authority, Tomball enacted Tomball Ordinance No. 2007–08, its so-called Red Light Camera Ordinance.[1]

According to the Red Light Camera Ordinance, the owner of a motor vehicle that runs a steady red light is liable to Tomball for a civil penalty of $75.00. The ordinance provides that in order to impose the civil penalty, the Tomball Police Department must provide prompt, detailed notice of the violation to the vehicle owner. The ordinance requires, among other things, notice adequate to inform the vehicle owner of the details of the violation, a copy of a photograph taken of the violation, the amount of the civil penalty, the due date

---

1. Tomball is a home-rule municipality. Tomball's Red Light Camera Ordinance, which was codified as Tomball Code §§ 78–220 through 78–226, was passed by the Tomball city council in August 2007. Chapter 707 of the Texas Transportation Code became effective September 1, 2007. In its Second Plea to the Jurisdiction, which was ultimately granted by the trial court and is at issue in this appeal, Tomball admitted that its ordinance was passed pursuant to Chapter 707 of the Texas Transportation Code.

for payment, and information regarding the owner's right to contest the imposition of the civil penalty in an administrative adjudication. The Tomball ordinance further provides that the notice of violation advise the owner that a request for the administrative hearing must be made in writing within a specified time period, and that failure to pay the penalty timely or otherwise request an administrative hearing would constitute a conclusive admission of liability and waiver of the owner's right to appeal to Tomball municipal court. The ordinance also requires notice adequate to inform the owner that the failure to pay the fine would not result in his or her arrest. The ordinance further provides that the administrative hearing must be held by an administrative hearing officer appointed by the city manager. The ordinance also requires that at the conclusion of the hearing, the hearing officer must make a written finding of "liable" or "not liable." Finally, the ordinance provides for a right of de novo appeal from the result of the administrative hearing to the Tomball municipal court.

Chapter 707 of the Transportation Code authorizes local governments, by ordinance, to impose civil fines on owners of vehicles that have been photographed driving through a red light. Tex. Transp. Code Ann. § 707.002. Section 707.011 provides that a notice of violation "must" contain certain items of information, all of which are consistent with the same notice requirements found in the Tomball Red Light Camera Ordinance. *Id.* at § 707.011. In addition, section 707.003(c) provides that before installing a photographic traffic signal enforcement system at an intersection, the local government "shall conduct a traffic engineering study of the approach to determine whether, in addition to or as an alternative to the system, a design change to the approach or a change in the signalization of the intersection is likely to reduce the number of red light violations at the intersection." *Id.* at § 707.003(c). If section 707.003(c) is violated, a penalty pursuant to Chapter 707 may not be imposed. *Id.* at § 707.003(f).

Like the Tomball Red Light Camera Ordinance, Chapter 707 provides for an administrative adjudication hearing if the owner of the vehicle challenges the imposition of the civil penalty and a de novo appeal to either the appropriate municipal or justice court. *Id.* at §§ 707.014, 707.016. Under section 707.014(h), if a person is found liable for violating a red light camera ordinance, the finding of liability "must specify the amount of the civil penalty for which the person is liable." *Id.* at § 707.014(h). As is true under the Tomball Red Light Camera Ordinance, the owner's failure to either pay the civil penalty or to timely contest liability constitutes a conclusive admission of liability and waives the owner's right to appeal to municipal court. *Id.* at § 707.012. Chapter 707 also provides that if a person who has been found liable for violating a red light camera ordinance of a municipality decides to appeal that determination, she must appeal to the municipal court of that municipality. *Id.* at § 707.016(a)(2). In defining the powers of municipal courts, the Government Code provides that "a municipal court, including a municipal court of record, shall have exclusive appellate jurisdiction within the municipality's territorial limits in a case arising under Chapter 707, Transportation Code." Tex. Gov't Code Ann. § 29.003(g) (West Supp. 2009).

Appellant has received numerous notices of violations of the Tomball Red Light Camera Ordinance; however, only four are at issue in this appeal. The relevant notices alleged that appellant's vehicle was photographed running a red light within the Tomball city limits on the following

dates: (1) August 28, 2008 (violation TBR 08008959A); (2) October 31, 2008 (violation TBR 08011211); (3) November 28, 2008 (violation TBR 08011994); and (4) March 19, 2009 (violation TBR 09002547).

Only the notices of violation for violations TBR 08011994 and TBR 09002547 appear in the appellate record. However, in her Third Amended Petition in Intervention, appellant avers that the notices for all of the relevant violations, including TBR 08008959A and 08011211, are identical.

The notices factually describe the violation, cite the city ordinance violated, and identify the date and time of the violation, the owner of the vehicle, and the registration number of the vehicle's license plate. The notices also contain a photograph taken of the offending vehicle and state that the recorded images "do constitute evidence of a violation of the Ordinance # 2007–08." The notices recite the amount of the potential civil penalty. The notices advise appellant of the following: (1) her right to contest the charges in an administrative hearing; (2) the deadline to either pay the civil penalty if she elects not to contest liability or to request a hearing; (3) failure to pay the fine or to contest liability in a timely manner would constitute "an admission of liability and waiver of your right to contest the imposition of the civil penalty;" (4) failure to respond to the notice would result in the imposition of an additional $25.00 late payment penalty; (5) failure to pay the civil penalty may result in her being reported to a collection agency and the county assessor-collector, or the Texas Department of Transportation, who may refuse to register the vehicle alleged to have been involved in the violation; (6) if found liable at the administrative hearing or if she failed to appear at

the hearing, she would be required to pay an additional $25.00 administrative fee; (7) failure to appear at the hearing after requesting one would result in her being found liable; (8) the method to calculate the date the payment would be due if she was found liable at the administrative hearing; and (9) that "[n]o record of this violation will be sent to your insurance company or to the Department of Public Safety Division of Motor Vehicles."

With respect to violation TBR 09002547, appellant requested an administrative hearing, which was held on April 28, 2009. The hearing officer found appellant "liable." At the end of the hearing, appellant received a written "Notice of Right to Appeal." The "Notice of Right to Appeal" informed appellant (1) she had a right to appeal the liability determination to Tomball Municipal Court; (2) the location to file the appeal and the deadline to do so; (3) that she would be required to pay a $50.00 appellate filing fee to stay the enforcement of the civil penalty; and (4) if she was found not liable in the Tomball Municipal Court, the $50.00 appellate filing fee would be refunded to her. Following the conclusion of the administrative hearing, appellant did not appeal to the Tomball Municipal Court and did not pay the amount owed.

With respect to violation TBR 08011994, appellant did not timely pay the civil penalty or contest liability by requesting an administrative hearing. After receiving correspondence from a collection agency representing Tomball, appellant paid the $75.00 civil penalty and $25.00 late payment penalty. With respect to violations TBR 08008959A and TBR 08011211, appellant did nothing.

In July 2009 appellant intervened in a lawsuit filed by a third party against Tom-

ball.[2] In her lawsuit against Tomball, appellant does not deny the underlying red light violations. Instead, appellant alleges that several procedural infirmities render all of the proceedings against her void, illegal, or unauthorized. The first deficiency appellant points out is that the initial notices of violation do not contain the recital required by both the Transportation Code and the Tomball ordinance that failure to timely pay the civil penalty would not result in the violator's arrest.

The second deficiency noted by appellant is that although the notices advised appellant that failure to timely respond would waive her right to contest liability, they did not specifically include the statement required by statute and ordinance that failure to timely respond would waive her right to appeal to municipal court.

Appellant asserts that the third deficiency is found not in the initial notices she received but instead in the "Notice of Right to Appeal" she received following her administrative hearing for violation TBR 09002547. According to appellant this notice does not qualify as a proper determination of liability under section 707.014(h) of the Texas Transportation Code because it did not state the amount of the civil penalty for which she was allegedly liable. According to appellant, because the "Notice of Right to Appeal" was not a proper determination of liability, the exclusive appellate jurisdiction of the Tomball Municipal Court was not invoked.

Finally, appellant argues that Tomball did not conduct the traffic study required by section 707.003(c) of the Texas Trans-

portation Code. Appellant then contends that since Tomball did not conduct the statutorily required traffic study, the same section of the Transportation Code prohibited Tomball from imposing any civil penalty on her.

Based on these procedural deficiencies, appellant, pursuant to the Uniform Declaratory Judgment Act, sought a declaration that the civil penalties and fees she paid are void, illegal, or unauthorized as well as a mandatory injunction ordering Tomball to refund to her the money she paid. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.001 *et seq.* (West 2008). In addition, with respect to the civil penalties and fees she has not paid, appellant sought a declaration of non-liability and an injunction ordering Tomball, among other things, to cease and desist from all further collection efforts.[3]

On October 7, 2009, Tomball filed its Second Plea to the Jurisdiction, which it supplemented in December 2009. In its plea, Tomball asserted two primary grounds. First, Tomball argued that appellant's claims were barred by sovereign immunity. Second, Tomball asserted that appellant's district court action was barred by the fact that Tomball's municipal court is vested with exclusive appellate jurisdiction for all claims arising under Chapter 707 of the Texas Transportation Code and appellant failed to exhaust her administrative remedies. The trial court granted the plea on March 8, 2010 dismissing appellant's suit against Tomball for want of jurisdiction without specifying the basis for doing so. Claims against the third party

---

**2.** That third party's claims are not at issue in this appeal and we need not discuss them further.

**3.** In her Third Amended Original Petition appellant also sought class certification for similarly situated individuals and entities pursuant to Rule 42 of the Texas Rules of Civil

Procedure. The trial court did not rule on this request prior to granting Tomball's Second Plea to the Jurisdiction. Therefore, even though appellant references her class certification request in her appellate brief, we conclude this issue is not before this court and need not be addressed.

contractor responsible for operating Tomball's red light camera system remained. On March 26, 2010, appellant filed her notice of interlocutory appeal from the order granting Tomball's Second Plea to the Jurisdiction. On May 18, 2010, the trial court denied appellant's motion to file a new, unspecified amended petition against Tomball as well as appellant's request for findings of fact and conclusions of law. On July 28, 2010, the trial court signed an agreed order non-suiting the third party thereby making final the order granting Tomball's Second Plea to the Jurisdiction. No further notices of appeal were filed.

### DISCUSSION

In this interlocutory appeal, appellant contends the trial court erred when it granted Tomball's Second Plea to the Jurisdiction. Appellant raises two issues in support of that contention. First, appellant generally asserts that the trial court erred when it granted Tomball's plea. Second, appellant contends the trial court erred when it denied appellant's (1) request for findings of fact and conclusions of law; and (2) motion to amend her pleadings to cure any alleged pleading deficiency. We address each issue in turn.

### I. Did the trial court err when it granted Tomball's Second Plea to the Jurisdiction?

In her first issue, appellant contends the trial court erred in granting appellees' Second Plea to the Jurisdiction. In this first issue, appellant challenges each of the grounds asserted by Tomball in its Second Plea to the Jurisdiction. Because we conclude appellant's failure to pursue her legislatively mandated administrative remedies supports the trial court's granting of Tomball's Second Plea to the Jurisdiction, we need not address any of the other grounds, including sovereign immunity, asserted by Tomball in its Second Plea to the Jurisdiction.

### A. The Applicable Law and the Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law. *State v. Holland,* 221 S.W.3d 639, 642 (Tex.2007). Therefore, we review a challenge to the trial court's subject matter jurisdiction de novo. *Id.* In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). When reviewing a trial court's ruling on a plea to the jurisdiction, we construe the plaintiff's pleadings liberally in the plaintiff's favor and look to the pleader's intent. *Id.* We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228. In addition, the question of whether undisputed evidence, which is the situation we are presented with here, establishes a trial court's jurisdiction is a question of law. *Id.* at 226. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.*

In addition, this appeal requires a review of the trial court's interpretation and application of both the Transportation Code and the Government Code. It is well settled in Texas that statutory interpretation presents a question of law subject to de novo review. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997). A trial court has no discretion when evalu-

ating a question of law. *See Huie v. De-Shazo,* 922 S.W.2d 920, 927 (Tex.1996); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Texas courts of appeal are required to conduct an independent review and evaluate the statute to determine its meaning. *Id.*

A court must construe statutes as written and, if possible, ascertain legislative intent from the statute's language. *Helena Chemical Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). Even when a statute is not ambiguous on its face, we can consider other factors to determine the Legislature's intent, including the object sought to be obtained; the circumstances of the statute's enactment; the legislative history; the common law or former statutory provisions, including laws on the same or similar subjects; the consequences of a particular construction; administrative construction of the statute; and the title, preamble, and emergency provision. *Id.* In addition, a court must always consider the statute as a whole rather than its isolated provisions. *Id.* In our construction, we must presume the statute is intended to be effective, a just and reasonable result is intended, a result feasible of execution is intended, and the public interest is favored over private interest. *See* Tex. Gov't Code Ann. § 311.021 (West 2005); *Compass Bank v. Bent Creek Inv., Inc.,* 52 S.W.3d 419, 424 (Tex.App.-Fort Worth 2001, no pet.). Construction of a statute that would render a provision useless is not favored in the law. *Carson v. Hudson,* 398 S.W.2d 321, 323 (Tex.Civ. App.-Austin 1966, no writ).

## B. Analysis

Appellant begins her first issue by pointing out that Texas district courts are courts of general jurisdiction and then quotes the Texas Supreme Court's opinion in *Dubai Petroleum Co. v. Kazi* for the proposition that "all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere." 12 S.W.3d 71, 75 (Tex.2000). Appellant then argues that Tomball's efforts to enforce the Red Light Camera Ordinance against her are void, illegal, or unauthorized due to the procedural infirmities mentioned above. Based on that initial premise, appellant argues that the Legislature's action in establishing a pervasive administrative procedure to handle contested red light camera violations and then vesting exclusive appellate authority for those claims in the appropriate municipal court, does not deprive the trial court of the jurisdiction to resolve her claims for a declaratory judgment and injunctive relief.

We turn first to appellant's reference to the verity that a district court in Texas is a court of general jurisdiction covering all claims. While we indeed presume that district courts are authorized to resolve all disputes, that presumption disappears if the Texas Constitution or other law conveys exclusive jurisdiction on another court or administrative agency. *In re Southwestern Bell Tel.,* 235 S.W.3d 619, 624 (Tex.2007). An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the Legislature intended for the regulatory process to be the exclusive means of remedying any claims that arise related to that regulatory scheme. *Id.* at 624–25. When the Legislature enacted the pervasive regulatory scheme found in Chapter 707, we conclude its intent in doing so was to ensure that the vast majority of claims arising out of the use of red light camera systems would be resolved at the administrative level and the creation of this new enforcement system would not overburden the courts. *See MAG–T, L.P. v. Travis Central Appraisal Dist.,* 161 S.W.3d 617, 624 (Tex.App.-Austin 2005, pet. denied) (addressing real

property tax appraisals). An administrative agency has exclusive jurisdiction when the Legislature grants it the sole authority to make an initial determination in a matter and the regulatory scheme indicates that the Legislature intended for the regulatory process to be the exclusive means for remedying issues related to that scheme. *Blue Cross Blue Shield of Tex., Inc. v. Duenez,* 201 S.W.3d 674, 675–76 (Tex.2006). When an agency or other court has exclusive jurisdiction to handle issues arising under the regulatory scheme, a district court does not normally have subject matter jurisdiction to address those same issues. *See Southwestern Bell Tel.,* 235 S.W.3d at 624–25. We conclude that Chapter 707 of the Transportation Code authorized municipalities such as Tomball to establish a red light camera enforcement system. We further conclude that if the municipality elects to set-up a red light camera enforcement system, Chapter 707 requires that municipality to establish an exclusive administrative scheme to handle disputes arising out of that system.

■■■ We also disagree with appellant's argument that the procedural deficiencies in Tomball's efforts to enforce the Red Light Camera Ordinance against appellant render those acts void, illegal, or unauthorized and thereby permit her to ignore the administrative process established by the Legislature. A judgment or act is void only if it is apparent that the court or agency rendering the judgment or taking the action had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act. *See Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990). The fact that an action by a court or agency violates a statute, statutory equivalent, constitutional provision, or rule of procedure does not make the action void,

but merely renders it voidable or erroneous. *Id.*

■■■ Appellant admits she received notice of each of the four violations of Tomball's Red Light Camera Ordinance at issue in this appeal. In addition, appellant does not challenge Tomball's authority to enact and enforce the Red Light Camera Ordinance. Instead, she argues that the manner in which Tomball enforced the Red Light Camera Ordinance against her does not fully comply with all of the procedural requirements established by Chapter 707 of the Transportation Code and the Tomball Red Light Camera Ordinance. We hold these deficiencies do not render those efforts void, but voidable. *Id.* We further hold that if appellant wished to contest imposition of the civil penalty for violating Tomball's Red Light Camera Ordinance based on these procedural deficiencies, she was required to do so through the administrative procedure established by Chapter 707 of the Texas Transportation Code and the Red Light Camera Ordinance and if still dissatisfied, she was required to appeal to Tomball Municipal Court for a trial de novo. *See Harris Cty. Appraisal Dist. v. Pasadena Property, L.P.,* 197 S.W.3d 402, 406 (Tex.App.-Eastland 2006, pet. denied) ("A taxpayer cannot elect to do nothing when confronted with a notice or tax bill that the taxpayer believes to be erroneous …, and then file suit in the district court; that would defeat the entire tax scheme the Tax Code provides for protesting and appealing actions of the taxing authorities.").

Appellant was provided with due process but chose not to embrace her opportunities to protest the actions of which she now complains. *See MAG–T, L.P.,* 161 S.W.3d at 631–32 (addressing real property tax appraisals). Because appellant failed to exhaust her administrative remedies, the trial court correctly determined that it did

not have subject matter jurisdiction over her lawsuit seeking declaratory and injunctive relief. *See Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. O'Connor & Assoc.*, 267 S.W.3d 413, 419 (Tex.App.-Houston [14th Dist.] 2008, no pet.) ("[T]he mere claim that an administrative agency acted ultra vires does not authorize litigation before administrative remedies are exhausted, nor does failure to perfectly comply with all of the intricacies of the administrative process necessarily constitute extra-jurisdictional action by an agency."). To hold otherwise would allow every person who receives a notice of a violation of the Red Light Camera Ordinance to simply do nothing at the administrative level and then file a declaratory judgment action seeking to collaterally attack the administrative finding of liability thereby rendering the entire regulatory scheme established by the Legislature useless. *See Blue Cross Blue Shield of Tex., Inc.*, 201 S.W.3d at 676 ("A party cannot circumvent an agency's exclusive jurisdiction by filing a declaratory judgment action if the subject matter of the action is one over which the Legislature intended the administrative agency to exercise exclusive jurisdiction."). We overrule appellant's first issue.

## II. Did the trial court err when it denied appellant's (1) request for findings of fact and conclusions of law; and (2) motion to file an amended petition?

In her second issue, appellant actually makes two separate allegations of error by the trial court. First, appellant asserts the trial court erred when it denied her request for findings of fact and conclusions of law. Second, appellant argues the trial court erred when it denied her motion to amend her pleadings.

### A. Did appellant waive that part of her second issue addressing the trial court's denial of her request for findings of fact and conclusions of law?

While appellant's second issue alleges that the trial court erred when it refused to enter findings of fact and conclusions of law she does not brief that argument. An appellant's brief must contain a clear and concise argument that includes appropriate citations to the record and legal authority. Tex.R.App. P. 38.1(i). Because appellant has not briefed this argument, she has waived her argument that the trial court erred when it denied her request for the entry of findings of fact and conclusions of law. *Id.*

### B. Did the trial court err when it denied appellant's motion to file an amended petition?

After the trial court granted Tomball's plea to the jurisdiction, appellant filed a motion seeking to file an unspecified amended petition. The trial court denied that motion. In her second issue, appellant challenges that action.

If a plaintiff's pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be given the opportunity to replead. *Westbrook v. Penley*, 231 S.W.3d 389, 395 (Tex.2007). However, a pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). We conclude that an amended pleading could not have cured the jurisdictional defects in appellant's claims for declaratory and injunctive relief. Therefore, appellant has not shown that she was harmed by the trial court's denial of her motion to file an amended petition. *See* Tex.R.App. P. 44.1(a). We overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues on appeal, we affirm the trial court's granting of Tomball's plea to the jurisdiction.

FROST, J., concurring and dissenting.

KEM THOMPSON FROST, Justice, concurring and dissenting.

The trial court did not err in granting the plea to the jurisdiction as to the claims discussed in the majority opinion. But the majority does not address one of the appellant's claims, and the trial court erred in dismissing that claim for lack of subject-matter jurisdiction.

### The appellant seeks a declaratory judgment that the Ordinance is unenforceable.

Appellant Lady Edwards asserted a number of claims against appellee, The City of Tomball (hereinafter, the "City") regarding City of Tomball Ordinance No. 2007–08 (hereinafter, the "Ordinance") and Chapter 707 of the Texas Transportation Code (hereinafter, the "Enabling Statute"). In her petition, Edwards invokes section 37.004 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (West 2008) (stating that "[a] person ... whose rights, status, or other legal relations are affected by a statute [or] municipal ordinance ... may have determined any question of construction or validity arising under the ... statute [or] ordinance ... and obtain a declaration of rights, status, or other legal relations thereunder"). In one of her claims for declaratory relief, Edwards seeks "a declaration that the Ordinance is unenforceable because it does not conform to the limitations imposed by the Enabling Statute." In her petition, Edwards cites a case in which the Supreme Court of Texas held that a municipal ordinance was invalid because it did not comply with a Texas statute. *See Bolton v. Sparks,* 362 S.W.2d

946, 950 (Tex.1962). Edwards asserts that the Ordinance is invalid and unenforceable because, among other things, it "purports to allow the imposition of a civil penalty without the performance of conditions precedent created by the Enabling Statute." In her petition, Edwards states that "[t]his lawsuit concerns the fact that the Ordinance is not consistent with, and exceeds the authority granted by, the Enabling Statute and hence is unenforceable." The merits of this request for declaratory relief (hereinafter, "Invalidity Claim") are not before this court; instead, this court must decide whether the trial court correctly determined that it does not have subject-matter jurisdiction over the Invalidity Claim.

### Governmental immunity has been waived as to the Invalidity Claim.

The City asserts that the trial court lacks subject-matter jurisdiction over the Invalidity Claim because the City is immune from suit under the doctrine of governmental immunity. This argument lacks merit. If a party sues a municipality and seeks a declaration that a municipal ordinance is invalid, based upon either constitutional or nonconstitutional grounds, the legislature has waived the municipality's governmental immunity. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.006(b) (West 2008); *City of El Paso v. Heinrich,* 284 S.W.3d 366, 373 n. 6 (Tex.2009); *City of Elsa v. M.A.L.,* 226 S.W.3d 390, 391–92 (Tex.2007); *Gatesco Q.M., Ltd. v. City of Houston,* 333 S.W.3d 338, 347–48 (Tex. App.-Houston [14th Dist.] 2010, no pet.); *Lakey v. Taylor ex rel. Shearer,* 278 S.W.3d 6, 15 (Tex.App.-Austin 2008, no pet.).

### The appellant did not need to exhaust administrative remedies.

Under the Ordinance, vehicle owners can challenge whether they are liable for

the civil penalty by pursuing an administrative hearing before a hearing officer. If the hearing officer determines that the owner is liable for the civil penalty, the Ordinance provides that the owner has a right to appeal to the Tomball municipal court for a trial de novo of this determination. Under the plain meaning of the Ordinance and the Enabling Statute, the hearing officer and the municipal court conducting a trial de novo do not have jurisdiction to grant a declaratory judgment that the Ordinance is invalid or unenforceable. This court presumes that the district court below has jurisdiction over claims for such relief, and the City has not shown that the Texas Constitution or some other law gives exclusive or primary jurisdiction over such claims to the hearing officer or the municipal court conducting a trial de novo. *See Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 624–25 (Tex.2007). Therefore, the district court below has jurisdiction over the Invalidity Claim, and Edwards was not required to exhaust administrative remedies regarding whether she was liable for various civil penalties in order to assert the Invalidity Claim in the district court below. *See Supermercado Teloloapan, Inc. v. City of Houston*, 246 S.W.3d 272, 275, n. 2 (Tex. App.-Houston [14th Dist.] 2007, pet. denied) (holding that plaintiff did not have to exhaust administrative remedies regarding its entitlement to a liquor license before seeking a declaration under Civil Practice and Remedies Code section 37.004 regarding the construction of a city ordinance relating to liquor licenses); *Plano Miller Club, Inc. v. Steen*, No. 03–08–00661–CV, 2011 WL 115879, at *1–2 (Tex.App.-Austin Jan. 14, 2011, no pet.) (holding that a plaintiff did not have to exhaust administrative remedies before seeking a declaratory judgment that a statute is unconstitutional, even though the statute resulted in the Texas Alcoholic Beverage Commission's denial of plaintiff's permit applications); *Mitz v. Tex. State Bd. Of Veterinary Medical Examiners*, 278 S.W.3d 17, 22–25 (Tex.App.-Austin 2008, pet. dism'd) (holding that though statute gave administrative agency jurisdiction to administer the statute and determine whether the statute has been violated, the agency did not have jurisdiction to grant a declaratory judgment that part of the statute was unconstitutional and there was no need to exhaust administrative remedies before seeking this relief); *Juliff Gardens L.L.C. v. Tex. Com'n on Environmental Quality*, 131 S.W.3d 271, 278–80 (Tex.App.-Austin 2004, no pet.) (same as *Mitz* ); *see also Tex. State Bd. of Pharmacy v. Walgreen Texas Co.*, 520 S.W.2d 845, 848 (Tex.Civ. App.-Austin 1975, writ ref'd n.r.e.) (stating that "Administrative agencies have no power to determine the constitutionality of statutes. Accordingly, there is no sound reason for forcing a litigant through the administrative process when in good faith he is advancing a substantial complaint that the statute that he is charged with violating is unconstitutional. The futility of requiring the exhaustion of administrative remedies in such cases is apparent").

### This court should address the Invalidity Claim.

The legislature has waived governmental immunity as to the Invalidity Claim, and Edwards does not have to exhaust administrative remedies as to this claim. Therefore, the trial court erred in concluding that it lacks subject-matter jurisdiction over this claim. The majority does not mention the Invalidity Claim in its opinion. This court should address this claim and reverse the trial court's judgment to the extent that the trial court dismissed this claim. Because the majority fails to do so, I respectfully dissent as to the Invalidity

Claim and concur in the judgment as to Edwards's other claims.