**Affirmed as Modified and Memorandum Opinion filed October 25, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-01142-CV

## THAMES SHIPYARD & REPAIR CO., A/K/A THAMES SHIPYARD & REPAIR COMPANY, Appellant

### V.

## GALVESTON CENTRAL APPRAISAL DISTRICT AND GALVESTON COUNTY APPRAISAL REVIEW BOARD, Appellees

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 07CV0280**

## MEMORANDUM OPINION

Thames Shipyard & Repair Co., a/k/a Thames Shipyard & Repair Company, appeals from a grant of summary judgment favoring appellees Galveston Central Appraisal District and Galveston County Appraisal Review Board. Thames filed suit against appellees to contest inclusion of a dry dock owned by Thames in the Galveston County property tax rolls for 2004. In two issues, Thames asserts the trial court erred in denying its motion for summary judgment and in granting judgment on appellees' motion. We hold that the trial court did not err in granting appellees' summary judgment

motion because Thames failed to exhaust its administrative remedies, which deprived the trial court of subject matter jurisdiction. Because this holding disposes of the entire appeal, we need not reach the remaining issue. We modify the trial court's judgment to dismiss for want of jurisdiction and, as modified, affirm.

*Background*

Thames, a corporation incorporated under the laws of Connecticut and headquartered therein, owns a dry dock and owned it on January 1, 2004, at which time the dry dock was situated in Galveston County, Texas. The dry dock was constructed and installed in Galveston County in 1998. On December 23, 2003, Thames purchased the dry dock, then hired another company to repair and modify the dry dock in Galveston. Beginning March 8, 2004, the dry dock was towed, first to Mobile, Alabama for further modifications, and then to New London, Connecticut, where it was subsequently placed into service.

A Notice of Appraised Value, hand-dated May 26, 2004, was mailed to Thames on behalf of the Galveston Central Appraisal District (GCAD).[1] The notice identified the dry dock as Thames's personal property, valued it at $4,515,000, and stated that taxes on it for the 2004 tax year, which began January 1, 2004, would be an estimated $134,497.34.[2] The notice further stated that it was not a tax bill, and it contained instructions should the recipient disagree with the valuation or description of the property. The notice specifically stated that any protest should be filed in writing by June 12, 2004. Also enclosed with the notice was a copy of a Texas Taxpayers' Remedies pamphlet, explaining procedures and remedies relating to protesting a tax appraisal.

---

[1] An employee of an appraiser for the district testified in her deposition regarding the procedures for mailing such notices as well as what would have been included in the envelope along with the notice. She further stated in an affidavit that she wrote the date on the notice to Thames as the date on which it was mailed.

[2] The tax estimate included several Galveston County taxing units, including Galveston County, the City of Galveston, Galveston ISD, Galveston Road and Flood, Galveston Co. Navigation District Number 1 and Galveston College.

Thames acknowledges that it received the notice in 2004, but John Wronowski, Thames's president, stated in his deposition that the notice was received after June 12, 2004. In October 2004, the Galveston County Tax Assessor-Collector delivered a tax bill to Thames, which Wronowski acknowledged was received that same month. Thames presented evidence that the dry dock was additionally taxed by authorities in Connecticut for the Connecticut tax year beginning October 1, 2004.

On October 5, 2006, Thames filed a motion under section 25.25 of the Tax Code with the Galveston Central Appraisal Review Board seeking correction of the valuation of the dry dock. After a hearing, the Board denied the motion on January 26, 2007. Thames apparently never filed a Notice of Protest under Tax Code section 41.44.

In 2007, Thames filed lawsuits in both state and federal court, challenging Galveston County's taxation of the dry dock. The state court abated its proceedings until after the federal district court dismissed its lawsuit for lack of jurisdiction. In its pleadings in the present action, Thames sought judgment that appellees erred in determining that the dry dock was subject to taxation in Galveston County.[3] Both sides filed motions for summary judgment. In its motion, Thames asserted that (1) the dry dock never attained taxable situs in Galveston County; (2) taxation of the dry dock in Texas violated the United States and Texas Constitutions; and (3) the dry dock was not taxable in Galveston County because it was not held for the production of income during the relevant period. In their motion, appellees contended that (1) the trial court did not have jurisdiction over any of Thames's claims because Thames failed to exhaust its administrative remedies in compliance with the Texas Tax Code; (2) the dry dock was taxable in Galveston County as a matter of law; and (3) the dry dock existed in the form and location shown on GCAD's 2004 appraisal roll.[4]

---

[3] Although Thames's pleading is not expressly identified as a declaratory judgment action, Thames sought declaratory relief.

[4] Appellees argued both traditional and no-evidence grounds on all issues.

3

In its final judgment, the trial court denied Thames's motion, granted appellees' motion without specifying particular grounds, and ordered that Thames take nothing on its claims against appellees.

*Discussion*

In its second issue, Thames contends that the court below erred in granting judgment on appellees' motion for summary judgment. We will begin our analysis by examining Thames's challenge to appellees' first ground for summary judgment which was premised on Thames's alleged failure to exhaust its administrative remedies.

*Standards of Review*

Where, as here, a summary judgment does not specify the grounds on which it was granted, a reviewing court must affirm the judgment if any theory included in the motion is meritorious. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995). An assertion that a plaintiff has not exhausted its administrative remedies challenges the trial court's subject matter jurisdiction to hear the claims in question. *See, e.g., Edwards v. City of Tomball*, 343 S.W.3d 213, 222-223 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Houston I.S.D. v. 1615 Corp.*, 217 S.W.3d 631, 637 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). The absence of subject matter jurisdiction may be raised by motion for summary judgment. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). In reviewing a jurisdictional challenge, a court may consider the pleadings and any evidence relevant to the issue. *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000). Because subject matter jurisdiction presents a question of law, we review the trial court's decision de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

*Exhaustion of Administrative Remedies*

In their motion, appellees contended that Thames failed to exhaust its administrative remedies for protesting taxation of the dry dock; thus, the trial court was

4

without subject matter jurisdiction to determine Thames's claims. The Texas Tax Code provides detailed remedies and procedures for a property owner who wishes to contest taxation of particular property. *See, e.g.,* Tex. Tax Code §§ 25.25 (establishing procedures for correcting certain types of errors in appraisal rolls), 41.41-.47 (provisions governing taxpayer protests), 41.411 (providing method for protesting a failure to receive notice), 41.42 (governing protests on ground that property is not taxable in Texas), 41.44 (requiring filing of a notice of protest before a hearing and determination of a protest are mandated but also providing exceptions). Generally, a property owner cannot bring suit contesting a tax on property without first exhausting the available administrative remedies. *See id.* § 42.09(a) (providing that the procedures prescribed in the code are the exclusive remedies for adjudicating the grounds of protest set forth therein)[5]; *Cameron Appraisal Dist. v. Rourk,* 194 S.W.3d 501, 502 (Tex. 2006) ("[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes.").

Thames argued in the trial court and argues on appeal that he is excused from exhausting administrative remedies because (1) the Notice of Appraisal sent by the GCAD was insufficient and did not comport with due process requirements or the Texas Tax Code; (2) appellees never obtained jurisdiction to tax the dry dock; and (3) appellees are not empowered to determine constitutional issues.

*Notice*

Thames first contends that the Notice of Appraisal that it received from GCAD did not comport with section 41.44 of the Texas Tax Code, which gives a property owner 30 days from receipt of the Notice of Appraisal to file a Notice of Protest. As Thames points out, the Notice of Appraisal itself did not state that Thames had 30 days to file a protest

---

[5] Section 42.09(b) permits a party against whom a suit to collect delinquent taxes is filed to plead as affirmative defenses that (1) the person did not own the property in question or (2) the property was not located within the boundaries of the taxing unit on January 1 of the tax year for which tax was imposed. Tex. Tax Code § 42.09(b). It is undisputed that Thames owned the dry dock and the dry dock was within the boundaries of Galveston County on January 1, 2004.

but instead gave a specific date, June 12, 2004, by which a protest had to be filed. There was evidence that the notice was not mailed until May 26, 2004, which would have provided Thames fewer than 30 days to protest before the stated June 12 deadline. Thames's president, John Wronowski, testified that Thames did not actually receive the notice until after the specified protest deadline had passed. Thames argues that the failure to provide 30-days' notice, or properly inform that it had 30 days in which to file a Notice of Protest, violated its due process rights.[6]

It is well-settled, however, that a property owner that receives actual notice of an assessed tax obligation must first exhaust its administrative remedies before complaining in a court that it did not receive proper notice. *See* Tex. Tax Code § 41.411 (providing method for protesting a failure to receive notice); *Houston I.S.D. v. Morris*, No. 01-10-00043-CV, 2011 WL 1936005, at *10-11 (Tex. App.—Houston [1st Dist.] May 19, 2011, pet. filed) (holding that property owners with actual notice were not deprived of due process where they failed to administratively protest the failure to receive proper notice); *Public, Inc. v. County of Galveston*, 264 S.W.3d 338, 342-43 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding trial court had no jurisdiction to consider lack-of-proper -notice complaint where property owner failed to follow administrative procedures for asserting such a complaint); *Harris County Appraisal Dist. v. Blue Flash Express, L.L.C.*, No. 01-06-00783-CV, 2007 WL 1412651, at *7-8 (Tex. App.—Houston [1st Dist.] May 10, 2007, pet. denied) (mem. op.) (holding property owner received due process when it was afforded opportunity to protest defective notice under section 41.411, and trial court lacked subject matter jurisdiction because owner failed to exhaust those administrative remedies); *Interstate Apartments Enters. v. Wichita Appraisal Dist.*, 164 S.W.3d 448,

---

[6] The Texas Taxpayers' Remedies pamphlet mailed to Thames along with the Notice of Appraisal, states in part: "The right to protest your property's value to the appraisal review board is the most important right you have as a taxpayer. You may protest if you disagree with any of the actions the appraisal district has taken on your property." Among the protest issues listed in the pamphlet are "Is your property being taxed by the wrong taxing units?" and "Is your property incorrectly included on the appraisal records?" The pamphlet also states, "File your notice of protest by May 31 or no later than 30 days after the appraisal district delivers a notice of appraised value to you, *whichever date is later*."

452-53 (Tex. App.—Fort Worth 2005, no pet.) (holding court lacked jurisdiction to consider complaint that notice provided inaccurate or incomplete information because property owner failed to exhaust its administrative remedies).

The record here demonstrates as a matter of law that Thames had actual notice of the tax assessment against it, both by having received the Notice of Appraisal in 2004 and having received a tax bill in October 2004. The record is also clear that Thames did not file a timely protest under chapter 41 of the Texas Tax Code concerning notice or any other claim. See Tex. Tax Code §§ 41.41-.47 (governing taxpayer protests), 41.411 (governing protests concerning notice).[7] Because Thames failed to exhaust its administrative remedies concerning its claim of improper notice, the trial court was without jurisdiction to entertain those claims. *See, e.g., Morris*, 2011 WL 1936005, at *11.

*Jurisdiction to Tax*

Next, Thames argues that its claims were not barred by its failure to exhaust administrative remedies because appellees never obtained jurisdiction to tax the dry dock and, thus, the Texas Tax Code's procedural scheme never applied. Thames contends that appellees never obtained jurisdiction over the dry dock because the legal situs of the dry dock was not in Galveston County.

Thames specifically states: "A taxing authority must first obtain jurisdiction to tax the property before it can impose its regulatory scheme." In support of this proposition, Thames cites only section 11.01 of the Texas Tax Code. Tex. Tax Code § 11.01.[8]

---

[7] Although Thames apparently did file a motion pursuant to Tax Code section 25.25 in October 2006, Thames does not argue on appeal that such motion was sufficient to exhaust administrative remedies on the issue of notice or on any other claim presented in the current lawsuit.

[8] Section 11.01 reads in its entirety as follows:

(a) All real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law.

(b) This state has jurisdiction to tax real property if located in this state.

7

Although this section generally identifies the categories of property that the State of Texas has jurisdiction to tax, it does not address the applicability of protest procedures contained in the Texas Tax Code. *See id*. Thames argues that the dry dock was not located in Galveston County for longer than a temporary period for taxation purposes; however, the situs of property is an issue on which a property owner must first exhaust its administrative remedies before asserting the issue in a lawsuit. *See* Tex. Tax Code §§ 41.42 ("Protest of Situs"), 42.09 (providing that the procedures for protest contained in that portion of the code are exclusive); *Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 124-25 (Tex. 1992);; *Sierra Stage Coaches, Inc. v. State of Texas—County of Harris*, 832 S.W.2d 191, 193 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Ivan Dement, Inc. v. Stratford I.S.D.*, 742 S.W.2d 820, 822 (Tex. App.—Amarillo 1987, no writ); *see also Brazoria County Appraisal Dist. v. Notlef, Inc.*, 721 S.W.2d 391, 392-94 (Tex. App.—Corpus Christi 1986, no writ) (holding property owner could not bring injunction action against appraisal district based on situs because it had adequate remedy at law via administrative remedies and appeal therefrom). Thames did not exhaust its administrative remedies before asserting this issue in the trial court.

### *Constitutionality*

Lastly, Thames asserts that as administrative agencies, appellees are without power to determine the constitutionality of statutes, citing *Texas State Board of*

---

(c) This state has jurisdiction to tax tangible personal property if the property is:

    (1) located in this state for longer than a temporary period;

    (2) temporarily located outside this state and the owner resides in this state; or

    (3) used continually, whether regularly or irregularly, in this state.

(d) Tangible personal property that is operated or located exclusively outside this state during the year preceding the tax year and on January 1 of the tax year is not taxable in this state.

Tex. Tax Code § 11.01.

*Pharmacy v. Walgreen Texas Co.*, 520 S.W.2d 845, 848 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.). Thames does not, however, identify any statute or statutes it is claiming are unconstitutional. We already have addressed Thames's constitutional arguments regarding the notice. *See, e.g., Blue Flash Express*, 2007 WL 1412651, at *7-8 (holding property owner received due process regarding allegedly defective notice, and court lacked subject matter jurisdiction because owner failed to exhaust administrative remedies). Thames's remaining constitutional arguments are asserted as a basis for challenging this particular tax assessment. Such challenges are subject to exhaustion-of-remedies requirements. *See Rourk*, 194 S.W.3d at 502; *Gen. Elec. Credit*, 826 S.W.2d at 124-25. To the extent Thames suggests that it did not have to exhaust available administrative remedies on issues pertaining to situs or notice, this argument lacks merit for the reasons noted above.

*Conclusion*

In their motion for summary judgment, appellees contended that Thames's failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction to decide any of the substantive tax issues raised by Thames. For the reasons set forth above, the trial court properly granted appellees' motion on this ground. Accordingly, we overrule Thames's second issue. Further, because the trial court did not have jurisdiction to decide the substantive claims raised by Thames, we need not address Thames's first issue challenging the trial court's denial of Thames's motion for summary judgment.

We further note, however, that instead of dismissing Thames's claims for want of jurisdiction, the trial court entered a take-nothing judgment on those claims. Consequently, we modify the trial court's judgment to omit the take-nothing language and to dismiss Thames's claims for want of jurisdiction. *See Scarborough v. Metro. Transit Auth. of Harris County*, 326 S.W.3d 324, 339 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (modifying trial court's judgment to dismiss claims for want of jurisdiction even though issue may not have been preserved).

9

We affirm the trial court's judgment as modified.


/s/           Martha Hill Jamison
                          Justice

Panel consists of Justices Frost, Seymore, and Jamison.